UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
GENERAL LABORERS UNION LOCAL   )
242 and CEMENT MASONS LOCAL     )
UNION No. 528,                         )
                                          )     Cause No. C08-0611RSL
                Plaintiffs,   )
      v.                                      )
                                          )     ORDER TO SHOW CAUSE
FARROW CONCRETE SPECIALTIES,  )
                                          )
                Defendant.  )
_____)

This matter comes before the Court on plaintiffs' motion for summary judgment (Dkt. # 12) and the responding papers. Although defendant is apparently willing to assume that federal jurisdiction over this matter exists (Opposition at 7), the Court must ensure that the dispute falls within its limited jurisdiction before proceeding further. See, e.g., Sarei v. Rio Tinto, PLC, 487 F.3d 1193, 1200 (9th Cir. 2007). The party bringing a claim in federal court has the burden of establishing subject matter jurisdiction. In re Dynamic Random Access Memory Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008).

Plaintiffs seek to enforce two "Memoranda of Understanding" (MOUs) purportedly signed by the parties on August 4, 2005. With minor variations that do not affect the analysis set forth below, the MOUs state:

> The following parties, Farrow Concrete Specialties; Cement Masons Local # 528 and Laborers Local 242 do hereby agree that if Farrow Concrete Specialties

ORDER TO SHOW CAUSE

> subcontracts, contracts or performs any other work for a contractor signatory to either the Cement Masons Local # 528 or Laborers Local 242 or both, he then will automatically become fully signatory to both Cement Masons Local # 528 and Laborers Local 242.

Although there is a dispute regarding the meaning and legal effect of the agreements, plaintiffs argue that the MOUs require defendant to sign a compliance agreement with each Local if it performs certain work in the future. The compliance agreements, in turn, would bind defendant to the collective bargaining agreements then in force. It is clear that the MOUs are not themselves collective bargaining agreements under the Labor Management Relations Act ("LMRA"). Nor do they appear to be "pre-hire agreements" authorized under section 8(f), 29 U.S.C. § 158(f): the MOUs do not establish hiring procedures, rates of pay, wages, work hours, benefits, or any other terms and conditions of employment that could apply to future employees. See J.W. Peters, Inc. v. Bridge, Structural and Reinforcing Iron Workers, Local Union 1, 398 F.3d 967, 969 (9th Cir. 2005). In fact, the MOUs do not even refer to a document that contains such provisions. Nevertheless, plaintiffs argue that the validity, interpretation, and enforcement of the memoranda should be decided in federal court under section 301(a) of the LMRA, 29 U.S.C. § 185(a).

Section 301(a) provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction over the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." Read literally, § 301(a) would create federal jurisdiction over any contractual dispute between a union and an employer, regardless of the subject matter. Plaintiffs have not shown that such an expansive interpretation was intended by Congress, and all of the cases reviewed by the Court suggest a more limited jurisdictional grant. In enacting § 301(a), Congress wanted to make collective bargaining agreements equally enforceable by, and binding on, unions and employers.

During the 1940s, some state laws made it difficult to sue and/or execute judgments against unincorporated membership organizations, such as unions. District 2 Marine Eng'rs Beneficial Ass'n v. Grand Bassa Tankers, Inc., 663 F.2d 392, 396 n.4 (2nd Cir. 1981) (summarizing legislative history of § 301(a)). See also Textile Workers Union of Am. v. Lincoln Mills of Ala., 353 U.S. 448, 452-54 (1957). Providing a venue in which collective bargaining agreements could be enforced was deemed important to "insuring industrial peace for the lifetime of such contracts." District 2 Marine Eng'rs, 663 F.2d at 396 n.4 (quoting a 1945 address by President Truman). Although the congressional focus when enacting § 301(a) was on collective bargaining agreements, the term "contracts" as used in the statute is significantly broader than the phrase "collective bargaining agreements." Thus, in order to promote stable labor relations, minimize disruptions, and provide a uniform body of labor law, other types of agreements affecting workplace conditions and/or resolving controversies arising out of the employment relationship must also fall within the jurisdictional grant of § 301(a). See, e.g., Retail Clerks Int'l Ass'n, Local Unions No. 1 v. Lion Dry Goods, Inc., 369 U.S. 17, 28 (1962) (holding that a strike settlement agreement could be enforced in federal court).

The question before the Court is whether the MOUs at issue in this litigation are the type of contract that may serve as the subject of a § 301(a) action. Plaintiffs have addressed this jurisdictional issue only superficially, and the Court is not convinced that federal enforcement of the MOUs is necessary to stabilize the labor-employer relationship or to further the policies of our national labor law. Drawing on the most expansive language contained in Retail Clerks, plaintiffs argue that jurisdiction over this matter lies because the MOUs are "significant to the maintenance of labor peace between" the Locals and Farrow Concrete Specialties. Plaintiffs ignore the context out of which Retail Clerks arose and do not address the factors considered by the Court when determining whether the agreement at issue was a "contract" under § 301(a). In Retail Clerks, the employees went on strike when negotiations for renewal of their collective bargaining agreement ended in impasse. The Supreme Court held

that:

> It is enough that [the strike settlement agreement] is clearly an agreement between employers and labor organizations significant to the maintenance of labor peace between them. It came into being as a means satisfactory to both sides for terminating a protracted strike and labor dispute. Its terms affect the working conditions of the employees of both respondents. It effected the end of picketing and resort by the labor organizations to other economic weapons, and restored strikers to their jobs. It resolved a controversy arising out of, and importantly and directly affecting, the employment relationship. Plainly it falls within § 301(a).

Retail Clerks, 369 U.S. at 28. In the case pending before this Court, no collective bargaining agreement was in place and Farrow Concrete Specialties specifically refused to sign a compliance agreement that would bind it to the master union contracts. Charitably interpreted, the MOUs contain a conditional promise by defendant to become a union contractor in the future. It is hard to imagine how the MOUs could be characterized as "significant to the maintenance of labor peace" when they had no direct or immediate effect on the employer-employee relationship. Unlike the settlement agreement in Retail Clerks, the memoranda do not resolve a strike or labor dispute, they do not affect the working conditions of any employees, and they do not resolve a controversy arising out of or directly affecting an employment relationship. The Court has been unable to find any case in which federal courts have exercised § 301(a) jurisdiction in a situation like the one presented here, where the contract does not govern the terms and conditions of employment or significantly impact some other aspect of the employer's relationship with its employees.

      The mere fact that Farrow Concrete Specialties is an employer and plaintiffs are unions cannot be enough to confer § 301(a) jurisdiction. As one court pointed out, a union's agreement to purchase an automobile from a car dealership would trigger federal jurisdiction under this interpretation if the car dealership had employees. District 2 Marine Eng'rs, 663 F.2d at 398. Such an interpretation would not further any labor policy objective and would throw into federal court general contract cases, like this one, that may not have any direct, immediate, or

meaningful tie to industrial peace.[1]

For all of the foregoing reasons, plaintiffs are hereby ORDERED TO SHOW CAUSE why this matter should not be dismissed for lack of subject matter jurisdiction. Plaintiff's memorandum shall not exceed twelve pages and shall be filed on or before May 14, 2009. Defendant's response, if any, shall not exceed twelve pages and shall be filed on or before May 25, 2009. Plaintiff's reply, if any, shall not exceed six pages and shall be filed on or before May 28, 2009. The Clerk of Court is directed to note this ORDER TO SHOW CAUSE on the Court's calendar for Friday, May 29, 2009. The trial date and all related dates are STRICKEN pending resolution of this issue. Plaintiffs' "Application for Appointment of Court Designated Mediator" (Dkt. # 24) is DENIED as moot.

Dated this 29th day of April, 2009.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[1] If the Court were to exercise jurisdiction in an attempt to promote uniformity of law, it is not clear how federal labor law would be applied. Because there is no collective bargaining agreement or other contract related to the employment relationship, plaintiffs' motion to enforce the MOUs raises standard contract issues that are regularly determined under state law. Plaintiffs have not cited any federal labor cases regarding illusory promises, agreements to agree, ambiguity, mutual intent, or lack of consideration, with only a passing reference to a federal case relevant to the undue influence argument. The dearth of federal law on most of the issues that will be important to this litigation further suggests that the MOUs are not the type of contract encompassed by § 301(a).